First Am. Fin. Corp. v Verisk Analytics, Inc. (2021 NY Slip Op 01554)





First Am. Fin. Corp. v Verisk Analytics, Inc.


2021 NY Slip Op 01554


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 650850/15 Appeal No. 13378 Case No. 2020-02718 

[*1]First American Financial Corporation et al., Plaintiffs-Appellants,
v
Verisk Analytics, Inc., et al., Defendants-Respondents.


Herrick, Feinstein LLP, New York (Darlene Fairman of counsel), for appellants.
Barnes & Thornburg LLP, New York (Thomas Haskins of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 21, 2020, which, insofar as appealed from, denied plaintiffs' motion for summary judgment on the first cause of action and granted the motion only as to liability under the second cause of action, and granted defendants' motion for summary judgment dismissing the fourth and fifth causes of action, unanimously modified, on the law, to direct defendants to provide plaintiffs, under the second cause of action, with an accounting of all "earnings, profits and other benefits" arising from their violation of § 6.11 of the purchase agreement, and otherwise affirmed, without costs.
Although defendants' failure to disclose certain deferred revenue constituted a breach of the representation and warranty in the purchase agreement that "[c]omplete and accurate" financial statements were provided, the motion court properly denied plaintiffs summary judgment on the first cause of action. Plaintiffs' only available remedy for this breach is indemnification for any resulting "Losses" under § 9.2(a)(i) of the purchase agreement. Although the definition of "Loss" is broad enough to encompass an overpayment of the purchase price due to a miscalculation of Net Working Capital, provided that it resulted from the breach, the record evidence, including the parties' competing expert opinions, presents issues of fact as to whether the breach at issue resulted in such an overpayment and whether, even if it did not, there were other compensable costs resulting therefrom.
The court properly dismissed the fourth and fifth causes of action, which sought indemnification under § 9.2(a)(i) and (iv) of the purchase agreement for the settlements of two labor lawsuits. Indemnification is not warranted pursuant to § 9.2(a)(iv), which provides for indemnification of Losses arising out of specifically listed actions, because the labor lawsuits at issue were not so listed. Indemnification is not warranted pursuant to § 9.2(a)(i), which provides for indemnification of Losses arising out of the "inaccuracy or breach of any representation or warranty," including, as relevant here, the representations and warranties regarding compliance with applicable laws (§§ 4.7[b] and 4.16[c]) and the absence of any undisclosed pending or threatened litigations at the time of closing (§ 4.14). As to § 4.14, the labor lawsuits at issue were not commenced or threatened until after the closing and were thus not required to have been disclosed. As to §§ 4.7(b) and 4.16(c), there is no evidence that these representations of compliance with the law prior to closing were inaccurate or breached. Although the labor lawsuits alleged such noncompliance, they were settled without any finding or admission of liability.
As to the second cause of action, plaintiffs are entitled to an accounting of all "earnings, profits and other benefits" arising from defendants' violation of § 6.11 of the purchase agreement, as provided in[*2]§ 6.11(c) of the agreement.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021